NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 30 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PETER VRINCEANU, | No. 23-35529 |
| Plaintiff-Appellant, | D.C. No. 2:23-cv-00423-RSM |
| v. | |
| KING COUNTY, A political subdivision of the State of Washington; BARBARA AKUA OFORIWAA ASARE, Human Resource Analyst - Senior; DENISE GREGORY WYATT, Labor Relations Negotiator - Senior; ANTINETTE RUGGERIO-JOHNSON, Human Resource Manager II; MARGARET SAFRANEK, Deputy Director Employee Services also known as Meg; CHRIS PARROTT, Director of Vehicle Maintenance; TERRY WHITE, General Manager, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted April 22, 2025[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:     GRABER, H.A. THOMAS, and JOHNSTONE, Circuit Judges.

Peter Vrinceanu appeals pro se from the district court's order dismissing his employment action. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion a dismissal of an action as duplicative, *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *abrogated in part on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008), and de novo a dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), *Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). We affirm.

The district court did not abuse its discretion in dismissing claims 1-4 and 6-12 as duplicative because they were based on the same factual allegations as those in *Vrinceanu v. King County, et al.*, 2:23-cv-00539-RSL. *See Adams*, 487 F.3d at 688-89 (explaining that in determining whether an action is duplicative, courts examine "whether the causes of action and relief sought, as well as the parties or privies to the action, are the same").

The district court properly dismissed Vrinceanu's claim for racial discrimination under Title VII because Vrinceanu failed to allege facts sufficient to state a plausible claim. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 640 n.5 (9th Cir. 2003) (setting forth elements of a prima facie case of discrimination under Title VII, including that the plaintiff "suffered an adverse employment action").

23-35529

The district court did not abuse its discretion by not granting Vrinceanu leave to file a second amended complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**